Patrick H. Dwyer, SBN 137743
P.O. Box 1705, Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney for Plaintiff Sonya Cheyenne Cavender

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonya Cheyenne Cavender, an individual,<br><br>    Plaintiff<br><br>    v.<br><br>Nevada County, California, a county government and operator of the Nevada County Sheriff's Department; and the following persons both as individuals and in their capacity as officials, employees or contractors of Nevada County:<br><br>Sheriff Keith Royal;<br>Officer Ryan Stanley;<br>Officer Shannon Malloy; and<br>Does 1-10;<br>    And<br>Correctional Medical Group Companies, Inc.; and its personnel Rhonna Tindall; and Amanda Tirpack; and Does 11 through 20;<br>    Defendants. | CASE NO.: 2:19-CV-<br><br>**COMPLAINT FOR INDIVIDUAL, SUPERVISORY, AND MUNICIPAL VIOLATIONS OF 42 U.S.C. §1983; STATE LAW CLAIMS FOR INTENTIONAL INFLICTION OF PAIN AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, VIOLATIONS OF CALIFORNIA CIVIL CODE §52, RESPONDEAT SUPERIOR LIABILITY AND MEDICAL MALPRACTICE**<br><br>**JURY TRIAL DEMANDED** |

1

2

## I.
## INTRODUCTION

3      This is a civil rights action arising out of the deliberate indifference to the

4  serious medical condition of Plaintiff Sonya Cheyenne Cavender by Nevada County

5  Sheriff's Department ("NCSD") and Correctional Medical Group Companies, Inc.

6  ("CMGC") and its personnel.  Plaintiff, who suffered a life threatening stroke while

7  an inmate at the Nevada County jail, was denied medical treatment for many hours

8  until she was almost dead.  Fortunately, emergency medical personnel from the

9  local hospital, Sierra Nevada Memorial Hospital, arrived just in time.  Plaintiff was

10  transported by ambulance to the hospital where her condition was partially

11  stabilized.  She was then airlifted to UC Davis Medical Center in Sacramento,

12  California where she was treated for a life threatening stroke and consequential

13  pulmonary edema, heart failure and related medical problems.

## II.
## JURISDICTION AND VENUE

15  1.      Jurisdiction over the federal causes of action under Title 42 U.S.C. §1983 are

16  proper in this Court under 28 U.S.C. §1331.  Pendant Jurisdiction over the state

17  causes of action is proper under Title 28 U.S.C. §1367(a) and Title 28 U.S.C.

18  §1343(a)(3).

19  2.      Venue is proper in this Court under 28 U.S.C. §1391(b) because all of the

20  defendants reside, and the acts complained of occurred, within the territorial

21  boundaries of this United States District Court.

22  3.      Intra-district venue is proper in the Sacramento Division of this Court under

23  Local Rule 120(d) because the acts and omissions that are the basis of this

24  complaint occurred within Nevada County.

25

26

27

28                                              2

### III.
### PARTIES

4.   Plaintiff Sonya Cheyenne Cavender ("Cavender") was a single female, age 28 at the time of the events alleged in this Complaint.  As of the date of filing of this Complaint, Plaintiff Cavender resides at 10340 Missouri Bar Road, Nevada City, CA 95959.

5.   Defendant Nevada County, California, established and operates the Nevada County Sheriff's Department ("NCSD") which is responsible for the staffing and operation of the Jail at 925 Maidu Ave, Nevada City, CA 95959 ("Jail", aka Wayne Brown Correctional Facility).  Plaintiff is informed and believes, and on that basis alleges, that the NCSD contracts with California Forensic Medical Group, Inc. to provide medical care to the inmates at the Jail.

6.   Defendant Keith Royal ("Royal") was the Sheriff and in command of the NCSD at the time of the incidents alleged below.

7.   Defendant Officer Ryan Stanley ("Stanley") was employed by the NCSD and Plaintiff is informed and believes, and on that basis alleges, that Stanley was working as the commanding officer at the Jail at the time of the events alleged below.

8.   Defendant Officer Shannon Malloy ("Malloy") was employed by the NCSD and Plaintiff is informed and believes, and on that basis alleges, that Malloy was working as a correctional officer at the Jail at the time of the events alleged below.

9.   Defendant Correctional Medical Group Companies, Inc. is a Delaware corporation qualified to do business in California (Corporation No. C3521984) with its principal executive office located at 3911 Sorrento Valley Boulevard, Suite 130, San Diego, CA 92121, and its principal business office at 2511 Garden Road, Suite A160, Monterey, CA 93940.  Plaintiff is informed and believes, and on that basis alleges, that Correctional Medical Group Companies, Inc. either owns and/or

3

controls a business in California named California Forensic Medical Group, Inc. or CFMG, Inc. (Corporation No. C1054341 FTB suspended), such that these two corporate entities are the alter ego of each other (collectively "CMGC").  Plaintiff is further informed and believes, and on that basis alleges, that Defendant Nevada County has had a contract with CMGC (or its alter ego CFMG) to provide medical services for detainees and inmates at the Jail at all relevant times to this Complaint.

10.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Rhonna Tindall ("Tindall") was employed by CMGC as a nurse with responsibility at the Jail for medical examination and care of inmates at the Jail.

11.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Amanda Tirpack ("Tirpack") was employed by CMGC as a physician assistant with responsibility at the Jail for medical examination and care of inmates and supervision of nurses at the Jail.

12.    The true names and capacities of defendants sued herein as Does 1-20, inclusive, whether individual, corporate, or otherwise are unknown to Plaintiff who, therefore sues such defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this complaint by asserting their true names and capacities herein.  Plaintiff is informed, believes and thereon alleges, that at all times herein mentioned, all defendants, including Does 1 through 20, inclusive: (i) are qualified to do business in California, and/or did, in fact, do business in California; (ii) jointly perpetrated the acts herein with their co-defendants; (iii) were the successors in interest to, or agents, alter egos, principals, co-tenants, partners, joint venturers, or co-conspirators of their co-defendants in doing the things herein alleged; and/or (iv) were acting within the scope of their authority or in furtherance of a common scheme or design with the

4

knowledge, permission, consent or ratification of their co-defendants in doing the things herein alleged, and therefore are liable, jointly and severally, for all damages and other relief or remedies sought by complainants in this action.

## IV.
## BACKGROUND ALLEGATIONS

### Duties of Nevada County, the NCSD, and CMGC

13.    Defendant Nevada County and the NCSD are obligated to have policies, practices, and procedures to provide timely and effective response to the medical needs of inmates ("PPPs").

14.    Defendant Nevada County and the NCSD are obligated to adequately train their deputy sheriffs and other correctional officers in the timely and effective response to the medical needs of inmates.

15.    Defendant Nevada County and the NCSD are obligated to adequately supervise their deputy sheriffs and correctional officers to verify the effectiveness and enforcement of the PPPs and training in the timely and effective response to the medical needs of detainees and inmates.

16.    Defendant Nevada County and the NCSD are obligated to have an adequate and effective "Chain of Command" so that when incidents involving the inadequate provision of medical services occur, NCSD supervisory/management personnel are fully informed so that timely corrective action can be taken.

17.    Defendant Nevada County and NCSD personnel are obligated to prepare complete and truthful incident reports about the provision of effective medical care for a detainee or inmate that has sustained a serious injury.

18.    Defendant CMGC, as a contractor to Defendant Nevada County for medical services for all detainees and inmates at the Jail, is a state actor performing this traditionally governmental function.  Consequently, CMGC is obligated to either follow the PPPs adopted by Defendants Nevada County and the NCSD for providing

medical services and/or to have its own comparable policies, practices, and procedures for medical services that meet the same constitutional standards.

19.     The obligations and duties set forth in paragraphs 13 to 18 will hereafter be collectively referred to as the "Supervisory Duties".

20.     The personnel employed by Defendant CMGC to perform its medical services at the Jail are state actors performing this traditional governmental function. Consequently, CMGC personnel are obligated to perform their medical service duties in a manner that meets constitutional standards.

21.     Defendant Nevada County and the NCSD maintain a video surveillance system at the Jail ("VSS").  Plaintiff is informed and believes, and on that basis alleges, that the VSS was installed, in part, to verify that the PPPs are being followed, that training has been adequate, and that supervisors are monitoring the conduct of deputies and correctional officers in the provision of timely and effective medical response for all inmates.  Plaintiff is further informed and believes, and on that basis alleges, that the VSS also provides a ready means for the NCSD to investigate and prepare incident reports about the provision of medical care at the Jail.

### The Failure to Provide Medical Care

22.     At approximately 7:30 pm on June 20, 2018, Plaintiff went out for recreation yard time at the Jail.  Plaintiff was outside for only a few minutes when she started feeling "odd" and somewhat disoriented.  Plaintiff rang the buzzer to come back in. However, Plaintiff became more disoriented and started having trouble swallowing and became weak on her right side.  Plaintiff's cell mate, Heather Cusato, helped Plaintiff to a chair in the day room because Plaintiff needed her assistance to walk.

23.     The commanding officer, Ryan Stanley, was contacted about Plaintiff's medical situation.  Officer Doe 1 came to check on Plaintiff and called the nurse to

also come.  Heather Cusato went back out to the recreation yard.  A female nurse responded and Plaintiff is informed and believes, and on that basis alleges, that the responding nurse was Tindall.  Plaintiff told Tindall about her symptoms of feeling "odd", disoriented, and increasingly feeling weak.  Plaintiff recalls that Tindall checked her blood pressure and found that it was high.  Plaintiff further recalls that Tindall said it was because Plaintiff was stressing herself out and that she just needed to calm down. Plaintiff told her that she was not physically well and Plaintiff asked to go to the emergency room.  Tindall was overtly dismissive and indifferent to Plaintiff's symptoms and sent Plaintiff back to her dorm.

24.    By about 9:30 pm, Plaintiff was feeling much worse.  Plaintiff could no longer stand because she could not maintain her balance and Plaintiff felt weakness on her right side.  Heather Cusato and the other women in the pod called the nurse.  Commanding officer Ryan Stanley was contacted and he had medical come to Plaintiff's dorm.   Nurse Tindall and Officer Doe 1 responded. Plaintiff told them that she was very disoriented, very weak on the right side, and unable to stand up.  Tindall told Plaintiff to elevate her legs and gave her Excedrin and Benadryl with Gatorade.  Tindall asked Heather Cusato and Plaintiff's other roommates to watch Plaintiff and then left the dorm.  Tindall and Officer Doe 1 were overtly indifferent and dismissive of Plaintiff in their actions and tone of voice.

25.    Plaintiff estimates that by about 11:00 pm her symptoms were very severe: she was very disoriented, she had trouble swallowing, the right side of her body was numb, sweaty and then hot & cold, there was a "pins and needle" type pain over much of her body, and she had a "shooting" pain in her right eye.  Plaintiff could not stand up and her roommates again called for medical.  Officers Malloy and Doe 1 came into her room and Plaintiff explained her condition.  The Officers acted with indifference, so Plaintiff then screamed at Malloy and Doe 1 that they needed to call

7

an ambulance.  The officers remained dismissive and indifferent, saying that Plaintiff probably just had a migraine.  By this time, Plaintiff could feel her eyes rapidly going back and forth.  Officers Malloy and Doe 1 reluctantly called medical.

26.     Plaintiff's dorm mate, Heather Cusato, carried Plaintiff out into the hallway outside the dorm room and placed Plaintiff in a chair.  Heather Cusato and Officers Malloy and Doe 1 had to hold Plaintiff upright in the chair because Plaintiff had no strength on her right side.  Nurse Tindall came and, without doing an exam, said just "keep an eye on her".  Tindall's tone made it very clear that she did not take Plaintiff's symptoms seriously and she continued to be indifferent to Plaintiff's condition.

27.     Officers Malloy and Doe 1 also continued to act dismissive and indifferent. They put Plaintiff into a wheelchair and took her to the booking area and again told Plaintiff there was no medical emergency.  Officers Malloy and Doe 1 picked Plaintiff up out of the wheelchair and put her into a holding cell where they laid her on a pad on the floor.

28.     Plaintiff is informed and believes, and on that basis alleges, that Officers Doe 1 and Malloy checked on Plaintiff about every 15-20 minutes.  Each time Plaintiff saw the officers, she told them to call an ambulance.  Officers Malloy and Doe 1 tried to get Plaintiff to give a urine sample.  However, Plaintiff was too weak and Officers Doe 1 and Malloy had to lift her onto the toilet and back onto the pad on the floor of the cell.

29.     By around 1 am on June 21, 2018, Plaintiff realized that she might die if she did not get taken to a hospital emergency room. Plaintiff decided to try complaining of chest pain and shortness of breath to get medical attention.  Plaintiff believes that her telling these symptoms to Officers Malloy and Doe 1 finally convinced them that Plaintiff might be seriously ill and they called for outside medical attention.

About 1:30 am, two EMTs from an ambulance came into the cell where Plaintiff lay. They hooked Plaintiff up to various monitors and when they saw the readings they said they had to get Plaintiff to the emergency room immediately.  The EMTs asked if Plaintiff could stand and try to walk, but Plaintiff could not, so the EMTs placed her on a gurney.  The EMTs then took Plaintiff by ambulance to Sierra Nevada Memorial Hospital ("Hospital").

30.     At the Hospital, Plaintiff was given a CAT scan and the blood clot in her brain was located. Plaintiff also had pulmonary edema and congestive heart failure as a result of the untreated stroke.  The doctors at Sierra Nevada were unable to treat and/or stabilize her condition sufficiently, so Plaintiff was transferred to UC Davis Medical Center by helicopter around 5 to 6:00 am.  Fortunately, Plaintiff survived, but she has endured, and continues to endure, a variety of permanent physical, mental and psychological injuries that would have been avoided by timely and appropriate medical care at the Jail.

**The Cover Up**

31.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Defendants Royal, Stanley, and Does 6-10 had full access to the information about the foregoing medical incident, including full access to the VSS. In addition, as alleged in paragraphs 23-24, CO Stanley had been directly contacted by Plaintiff and Plaintiff's dorm mates about Plaintiff's serious medical condition. Plaintiff is further informed and believes, and on that basis alleges, that despite the obvious fact that the VSS shows the serious nature of Plaintiff's medical condition for a period of hours, Defendants Royal, Stanley, and Does 6-10 failed to adequately and properly perform their Supervisory Duties, failed to order appropriate medical care for Plaintiff, failed to prepare an accurate incident report about Plaintiff's medical emergency, and failed to conduct an independent investigation of the

1  response to Plaintiff's medical emergency.

2  ## The Timely Filing of a Tort Claim

3  32.     On or about November 12, 2018, Plaintiff filed a claim against Nevada

4  County for the injuries she suffered as described in paragraphs 22-31.  A true and

5  correct copy of this tort claim is attached hereto as Exhibit 1A.

6  33.     On or about December 19, 2018, Nevada County served by mail a letter of

7  rejection of Plaintiff's claim dated November 12, 2018.  A true and correct copy of

8  this rejection is attached hereto as Exhibit 1B.

9

## V.
## FEDERAL CLAIMS

10

## FIRST CAUSE OF ACTION

11

## Defendants Stanley, Malloy, and Does 1-5

12

### Individual Liability for Violation of Plaintiff's
### Constitutional Rights Under 42 U.S.C. §1983: Deliberate and
### Callous Disregard for Plaintiff's Emergency Medical Needs

13

14

15  34.     Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive,

16  as though set forth fully herein.

17  35.     Defendants Stanley, Malloy, and Does 1-5 were aware of Plaintiff's need for

18  emergency medical care as alleged in paragraphs 22-30.  However, these defendants

19  deliberately and callously disregarded Plaintiff's emergency medical needs in

20  violation of the Fourth, Eighth and Fourteenth Amendments to the U.S.

21  Constitution.

22  36.     The foregoing conduct of Defendants Stanley, Malloy, and Does 1-5  were acts

23  and omissions under the color of state law that was the direct and proximate cause

24  of the violation of the constitutional rights of Plaintiff Cavender.

25  37.     As a direct and proximate result of the wrongful conduct of Defendants

26  Stanley, Malloy, and Does 1-5 as set forth above, Plaintiff Cavender has sustained

27  general damages in excess of $2,000,000 (as of the time of filing this complaint),

28  10

according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) cost of medical transport (e.g., helicopter and ambulance); (e) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (f) the cost of emotional, psychological, and physical therapy; and (g) the loss of future income due to permanent physical disability.

38.    As a direct and proximate result of the foregoing conduct of Defendants Stanley, Malloy, and Does 1-5, Plaintiff Cavender has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover her attorneys fees and costs under 42 U.S.C. §1988.

39.    The foregoing acts and omissions of Defendants  Stanley, Malloy, and Does 1-5 were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff Cavender's physical and mental person.  As a result, punitive damages should be awarded against Defendants Stanley, Malloy, and Does 1-5.

## SECOND CAUSE OF ACTION

### Defendants Sheriff Keith Royal, Stanley, and Does 6-10

### Failure to Perform Supervisory Duties
### Required by 42 U.S.C. §1983

40.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

41.    Defendants Royal, Stanley, and Does 6-10 are Nevada County and/or NCSD employees or contractors that at all relevant times alleged herein, had responsibility for performing the Supervisory Duties as alleged in paragraphs 13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18, including the supervision of Defendants Malloy and Does 1-5.

42.   At all relevant times, Defendants Royal, Stanley, and Does 6-10 had all necessary means and opportunity for performing the Supervisory Duties.

43.   Defendants Royal, Stanley, and Does 6-10 failed, in whole or in part, to perform their Supervisory Duties.  As a direct consequence of such failure, Plaintiff was denied timely medical services for her serious medical emergency which is a violation of her rights under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

44.   The foregoing conduct of Defendants Royal, Stanley, and Does 6-10 were acts and omissions under the color of state law that was the direct and proximate cause of the violation of the constitutional rights of Plaintiff Cavender.

45.   As a direct and proximate result of the wrongful conduct of Defendants Royal, Stanley, and Does 6-10 as set forth above, Plaintiff Cavender has sustained general damages in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

46.   As a direct and proximate result of the foregoing conduct of Defendants Royal, Stanley, and Does 6-10, Plaintiff Cavender has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover her attorneys fees and costs under 42 U.S.C. §1988.

47.     The foregoing acts and omissions of Defendants Royal, Stanley, and Does 6-10  were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff Cavender's physical and mental person.  As a result, punitive damages should be awarded against Defendants Royal, Stanley, and Does 6-10.

### THIRD CAUSE OF ACTION

### Defendant Sheriff Keith Royal

**Supervisory Liability In His Official Capacity as Required by 42 U.S.C. §1983:  Failure to Lawfully Administer the Jail**

48.     Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

49.     Defendant Royal, as Sheriff, was responsible for the adoption and enforcement of the PPPs at the Jail as set forth in paragraphs 13-18.  Defendant Keith Royal, as Sheriff, was further responsible for the creation of a chain of command that enforces such PPPs and that promptly and accurately records and then reports accurate information about the provision of timely medical care up the chain of command.

50.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Royal, as Sheriff, failed to adopt and/or failed to enforce PPPs as set forth in paragraphs 13-18.  Plaintiff is further informed and believes, and on that basis alleges, that Defendant Royal, as Sheriff, failed to properly train and monitor NCSD personnel in the application of the PPPs that did exist for the provision of timely medical care to detainees and inmates as set forth in paragraphs 13-18.

51.     Defendant Royal, as Sheriff, failed, in whole or in part, to establish an appropriate chain of command for the enforcement of the PPPs and/or to otherwise perform his Supervisory Duties as set forth in paragraphs 13-18.  As a direct consequence of such failure, Plaintiff was denied timely medical services for the

1  medical emergency that she suffered at the Jail.

2  52.   The foregoing conduct of Defendant Royal, as Sheriff, constituted acts and

3  omissions under the color of state law that was the direct and proximate cause of

4  the violation of the constitutional rights of Plaintiff Cavender.

5  53.   As a direct and proximate result of the wrongful conduct of Defendant Royal

6  as set forth above, Plaintiff Cavender has sustained general damages in excess of

7  $2,000,000 (as of the time of filing of this complaint), according to proof, including,

8  but not limited to: (a) the serious physical pain and suffering from unnecessary

9  injuries to her body; (b) the severe emotional and mental distress caused by the

10  failure to provide timely medical care, including feelings of helplessness, anxiety,

11  humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of

12  medical treatment; (d) compensation for Plaintiff's long-term physical disability

13  that is the result of the injuries to Plaintiff's body from the delayed provision of

14  medical care; (e) the cost of emotional, psychological, and physical therapy; and (f)

15  the loss of future income due to permanent physical disability.

16  54.   As a direct and proximate result of the foregoing conduct of Defendant Royal,

17  as Sheriff, Plaintiff Cavender has been forced to file this action under 42 U.S.C.

18  §1983, and is entitled to recover her attorneys fees and costs under 42 U.S.C. §1988.

19  55.   The foregoing acts and omissions of Defendant Royal, as Sheriff, were

20  committed with unbridled malice that was despicable and done with intentional

21  disregard for Plaintiff Cavender's physical and mental person.  As a result, punitive

22  damages should be awarded against Defendant Royal.

23

24

25

26

27

28                                                    14

1

2

3

4

## FOURTH CAUSE OF ACTION

### Defendant Nevada County

**Municipal Liability for Violation of Plaintiff's
Constitutional Rights Under 42 U.S.C. §1983: Deliberate
and Callous Disregard of Inmate Medical Needs**

5   56.     Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive,

6   as though set forth fully herein.

7   57.     Defendant Nevada County has failed to adequately establish policies and

8   procedures regarding the timely and effective provision of medical services for

9   inmates that are adequate for protecting the rights of inmates to medical care.

10  58.     Defendant Nevada County has failed to adequately train its personnel

11  regarding the timely and effective provision of medical care for inmates.

12  59.     Defendant Nevada County has failed to adequately monitor or enforce

13  policies and procedures for the timely and effective provision of medical care for

14  inmates.

15  60.     Defendant Nevada County has failed to adequately supervise its personnel

16  regarding the timely and effective provision of medical care for inmates.

17  61.     Plaintiff is aware of other instances of deliberate and callous indifference by

18  Defendant Nevada County to the medical needs of other inmates, including the

19  legal action filed in the Federal District Court, Eastern District of California, by

20  Christopher Howie on or about December 5, 2018, case no. 2:18-CV-3146 and the

21  legal action filed in the Federal District Court, Eastern District of California, by

22  John David Peterson on or about May 24, 2019, case no. 2:19-CV-0949-JAM-EFB.

23  The deliberate and callous indifference experienced by Plaintiff, Mr. Howie, and Mr.

24  Peterson demonstrates a persistent pattern of wrongful conduct by Defendant

25  Nevada County.

26  62.     It was known and/or obvious to Defendant Nevada County that the acts and

27

28                                          15

1  omissions described in paragraphs 57-61 would be likely to cause serious violation

2  of the constitutional rights of inmates to timely and effective medical care.

3  63.    The acts and omissions in paragraphs 57-61 were done under the color of

4  state law and they were the direct and proximate cause of the violation of the

5  constitutional rights of Plaintiff.  These acts and omissions continued for at least a

6  year prior to the institution of this action and Plaintiff is informed and believes, and

7  on that basis alleges, that these acts and omissions continue until the present time.

8  As a consequence, Defendant Nevada County's acts and omissions in paragraphs

9  57-61 constitute deliberate indifference to, and a callous disregard for, the

10 constitutional rights of inmates in the Nevada County Jail.

11 64.    As a direct and proximate result of the wrongful acts and omissions of

12 Defendant Nevada County as set forth above, Plaintiff has sustained general

13 damages  in excess of $2,000,000 (as of the time of filing of this complaint),

14 according to proof, including, but not limited to: (a) the serious physical pain and

15 suffering from unnecessary injuries to her body; (b) the severe emotional and

16 mental distress caused by the failure to provide timely medical care, including

17 feelings of helplessness, anxiety, humiliation, and the loss of a sense of security,

18 dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's

19 long-term physical disability that is the result of the injuries to Plaintiff's body from

20 the delayed provision of medical care; (e) the cost of emotional, psychological, and

21 physical therapy; and (f) the loss of future income due to permanent physical

22 disability.

23 65.    As a direct and proximate result of the foregoing conduct of Defendant

24 Nevada County, Plaintiff has been forced to file this action under 42 U.S.C. §1983,

25 and is entitled to recover her attorneys fees and costs under 42 U.S.C. §1988.

26

27

28

1

## FIFTH CAUSE OF ACTION

2

### Defendants Tindall, Tirpack, and Does 11-20

3

**Individual Liability for Violation of Plaintiff's Constitutional
Rights Under 42 U.S.C. §1983: Deliberate and Callous Disregard for
Plaintiff's Medical Needs**

4

5   66.   Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive,

6   as though set forth fully herein.

7   67.   Defendants Tindall, Tirpack, and Does 11-20 became aware of Plaintiff's

8   medical problem and her need for timely medical care as alleged in paragraphs 22-

9   30.  However, Defendants Tindall, Tirpack, and Does 11-20 deliberately and

10  callously disregarded Plaintiff's medical needs, thereby denying Plaintiff her

11  constitutional right to timely and effective medical care under the Fourth, Eighth

12  and Fourteenth Amendments to the U.S. Constitution.

13  68.   The foregoing conduct of Defendants Tindall, Tirpack, and Does 11-20 were

14  acts and omissions under the color of state law that were the direct and proximate

15  cause of the violation of the constitutional rights of Plaintiff Cavender.

16  69.   As a direct and proximate result of the wrongful conduct of Defendants

17  Tindall, Tirpack, and Does 11-20 as set forth above, Plaintiff Cavender has

18  sustained general damages  in excess of $2,000,000 (as of the time of filing of this

19  complaint), according to proof, including, but not limited to: (a) the serious physical

20  pain and suffering from unnecessary injuries to her body; (b) the severe emotional

21  and mental distress caused by the failure to provide timely medical care, including

22  feelings of helplessness, anxiety, humiliation, and the loss of a sense of security,

23  dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's

24  long-term physical disability that is the result of the injuries to Plaintiff's body from

25  the delayed provision of medical care; (e) the cost of emotional, psychological, and

26  physical therapy; and (f) the loss of future income due to permanent physical

27

28                                              17

1  disability.

2  70.   As a direct and proximate result of the foregoing conduct of Defendants

3  Tindall, Tirpack, and Does 11-20, Plaintiff has been forced to file this action under

4  42 U.S.C. §1983, and is entitled to recover her attorneys fees and costs under 42

5  U.S.C. §1988.

6  71.   The foregoing acts and omissions of Defendants Tindall, Tirpack, and Does

7  11-20 were committed with unbridled malice that was despicable and done with

8  intentional disregard for Plaintiff Cavender's physical and mental person.  As a

9  result, punitive damages should be awarded against Defendants Tindall, Tirpack,

10  and Does 11 through 20.

11  

## SIXTH CAUSE OF ACTION

### Defendant Correctional Medical Group Companies, Inc.

**Municipal Liability for Violation of Plaintiff's Constitutional Rights Under 42 U.S.C. §1983: Deliberate and Callous Disregard of Inmate Medical Needs**

15  72.   Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive,

16  as though set forth fully herein.

17  73.   Defendant CMGC has failed to either follow the PPPs adopted by Defendants

18  Nevada County and NCSD and/or failed to establish and follow its own comparable

19  policies, practices and procedures for the timely and effective provision of medical

20  services for detainees and inmates at the Jail.

21  74.   Defendant CMGC has failed to adequately train its personnel in the PPPs

22  and/or the applicable PPPs or its own policies, practices, and procedures regarding

23  the timely and effective provision of medical care for inmates.

24  75.   Defendant CMGC has failed to adequately monitor or enforce the applicable

25  PPPs and/or its own policies, practices, and procedures for the timely and effective

26  provision of medical care for inmates at the Jail.

27

28                                     18

76.    Defendant CMGC has failed to adequately supervise its personnel regarding the timely and effective provision of medical care for inmates at the Jail.

77.    Plaintiff is aware of other instances of deliberate and callous indifference by Defendant CMGC to the medical needs of inmates, including the legal action filed in the Federal District Court, Eastern District of California, by Christopher Howie on or about December 5, 2018, case no. 2:18-CV-3146, and the legal action filed in the Federal District Court, Eastern District of California, by John David Peterson on or about May 24, 2019, case no. 2:19-CV-0949-JAM-EFB.   The deliberate and callous indifference experienced by Plaintiff, Mr. Howie, and Mr. Peterson demonstrates a persistent pattern of wrongful conduct by Defendant CMGC.

78.    It was known and/or obvious to Defendant CMGC that the acts and omissions described in paragraphs 73-77 would be likely to cause serious violation of the constitutional rights of inmates to timely and effective medical care.

79.    The acts and omissions in paragraphs 73-77 were done under the color of state law and they were the direct and proximate cause of the violation of the constitutional rights of Plaintiff.  Plaintiff is informed and believes, and on that basis alleges, that such acts and omissions existed for a substantial period prior to the institution of this action and that these acts and omissions continue until the present time.  As a consequence, Defendant CMGC's acts and omissions in paragraphs 73-77 constitute deliberate indifference to, and a callous disregard for, the constitutional rights of inmates in the Nevada County Jail.

80.    As a direct and proximate result of the wrongful acts and omissions of Defendant CMGC as set forth above, Plaintiff has sustained general damages  in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress

caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

81.    The foregoing acts and omissions of Defendant CMGC were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff Cavender's physical and mental person.  As a result, punitive damages should be awarded against Defendant CMGC.

82.    As a direct and proximate result of the foregoing conduct of CMCG, Plaintiff has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover her attorneys fees and costs under 42 U.S.C. §1988.

## SEVENTH CAUSE OF ACTION

### Defendants Nevada County, NCSD, CMGC, and Does 16-20

### Conspiracy to Violate Plaintiff's Constitutional Rights Under 42 U.S.C. §1983

83.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

84.    Plaintiff is informed and believes, and thereon alleges, that Defendants Nevada County, NCSD, CMGC, and Does 16-20 agreed and knowingly and willfully conspired among themselves to perpetrate the unlawful conduct described in the Fourth through Sixth causes of action.

85.    As a direct and proximate result of the wrongful acts and omissions of Defendants Nevada County, NCSD, CMGC and Does 16-20 as set forth above, Plaintiff has sustained general damages in excess of $2,000,000 (as of the time of

filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

86.    The foregoing acts and omissions of Defendants Nevada County, NCSD, CMGC and Does 16-20 were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff Cavender's physical and mental person.  As a result, punitive damages should be awarded against Defendants CMGC and Does 16-20.

87.    As a direct and proximate result of the foregoing conduct of Defendants Nevada County, NCSD, CMGC and Does 16-20, Plaintiff has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover her attorneys fees and costs under 42 U.S.C. §1988.

## VI.
## STATE LAW CLAIMS

### EIGHTH CAUSE OF ACTION

#### Defendants Stanley, Malloy, and Does 1-5
#### Intentional Infliction of Emotional Distress

88.     Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

89.     The acts and omissions of Defendants Stanley, Malloy, and Does 1-5 as alleged in paragraphs 22-30 was extreme and outrageous conduct directed at Plaintiff that was calculated to cause Plaintiff severe emotional distress or was done with substantial certainty that Plaintiff would suffer severe emotional injury.

90.     As the direct result of the foregoing acts and omissions of Defendants Stanley, Malloy, and Does 1-5, Plaintiff suffered significant emotional and psychological damage.

91.     As a direct and proximate result of the foregoing acts and omissions of Defendants Stanley, Malloy, and Does 1-5, Plaintiff has sustained general damages in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

92.     The foregoing acts and omissions of Defendants Stanley, Malloy, and Does 1-5 were committed with unbridled malice that was despicable and done with intentional disregard for the emotional and psychological pain, suffering, and trauma it would cause Plaintiff.  As a result, punitive damages should be awarded against Defendants Stanley, Malloy, and Does 1-5.

## NINTH CAUSE OF ACTION

### Defendants Tindall, Tirpack, and Does 11-15

### Intentional Infliction of Emotional Distress

93.     Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

94.     The acts and omissions of Defendants Tindall, Tirpack, and Does 11-15 was extreme and outrageous conduct directed at Plaintiff that was calculated to cause Plaintiff severe emotional distress or was done with substantial certainty that Plaintiff would suffer severe emotional injury.

95.     As the direct result of the foregoing acts and omissions of Defendants Tindall, Tirpack, and Does 11-15, Plaintiff suffered significant emotional and psychological damage.

96.     As a direct and proximate result of the foregoing acts and omissions of Defendants Tindall, Tirpack, and Does 11-15, Plaintiff has sustained general damages  in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from

the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

97.     The foregoing acts and omissions of Defendants Tindall, Tirpack, and Does 11-15 were committed with unbridled malice that was despicable and done with intentional disregard for the emotional and psychological pain, suffering, and trauma it would cause Plaintiff.  As a result, punitive damages should be awarded against Defendants Tindall, Tirpack, and Does 11-15.

## TENTH CAUSE OF ACTION

### Defendants Stanley, Malloy, and Does 1 through 5

### Negligence

98.     Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

99.     Defendants Stanley, Malloy, and Does 1-5 were correctional officers responsible for the booking, processing, housing, and medical services for detainees and inmates at the Jail.  As a consequence, these Defendants had a duty to exercise their authority and dominion over Plaintiff in a reasonable manner.

100.    Defendants Stanley, Malloy, and Does 1-5 breached the foregoing duty by the acts and omissions described in paragraphs 23-30.

101.    As the direct result of the foregoing breach by Defendants Stanley, Malloy, and Does 1-5 of their duty to Plaintiff, Plaintiff suffered serious physical and mental injury.

102.    As a direct and proximate result of the foregoing acts and omission of Defendants Stanley, Malloy, and Does 1-5, Plaintiff has sustained general damages in excess of $2,000,000 (as of the time of filing of this complaint), according to proof,

including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

103.    The foregoing acts and omissions of Defendants Stanley, Malloy, and Does 1-5 were committed with a reckless and callous disregard for the emotional and psychological pain, suffering, and trauma it would cause Plaintiff that was despicable.  As a result, punitive damages should be awarded against Defendants Stanley, Malloy, and Does 1-5.

## ELEVENTH CAUSE OF ACTION

### Defendants Stanley, Malloy, and Does 1-5

#### Interference With Plaintiff's Constitutional Rights
#### Under California Civil Code §52.1

104.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

105.    Defendants Stanley, Malloy, and Does 1-5 committed acts and omissions that constituted threats, intimidation, and coercion directed at Plaintiff in violation of : (a) Plaintiff's substantive due process right to be free of punishment prior to adjudication of the charges for which Plaintiff was to appear under the US Constitution; (c) Plaintiff's rights under Article 1, Section 7 & 17 of the California Constitution; and (d) Plaintiff's right to timely and effective medical care.

106.    As a direct and proximate result of the foregoing acts and omission of Defendants Stanley, Malloy, and Does 1-5, Plaintiff has sustained general damages in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

107.    Pursuant to California Civil Code §52.1(c) and §52(a), Plaintiff is entitled to treble the amount of consequential damages that are proven.

108.    As the direct and proximate result of the foregoing conduct of Defendants Stanley, Malloy, and Does 1-5, Plaintiff is entitled to recover her costs and attorneys fees under Civil Code § 52.1(i).

**TWELFTH CAUSE OF ACTION**

**Defendants Stanley, Malloy, and Does 1-5**

**Failure to Provide Medical Care Under GC §845.6**

109.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

110.    Defendants Stanley, Malloy, and Does 1-5 were public employees that had responsibility to provide medical care to inmates under Government Code §845.6.

111.    Defendants Stanley, Malloy, and Does 1-5 failed to take reasonable action to

provide Plaintiff with medical care.  As the direct result of this failure, Plaintiff suffered serious physical and mental injury.

112.    As a direct and proximate result of the foregoing acts and omissions of Defendants Stanley, Malloy, and Does 1-5, Plaintiff has sustained general damages in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

## THIRTEENTH CAUSE OF ACTION
### Defendants Royal, Stanley, and Does 6-10
### Negligent Supervision

113.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

114.    Defendants Royal, Stanley, and Does 6-10 were supervisors for the Jail and they were responsible, directly or indirectly, in whole or in part, for the supervision of Defendants Malloy, and Does 1-5.  As a consequence, Defendants Royal, Stanley, and Does 6-10 had a duty to supervise Defendants Malloy and Does 1-5 in a reasonable manner, including in a manner that would have prevented the failure to provide emergency medical services to Plaintiff, a detainee or inmate at the Jail.

115.    Defendants Royal, Stanley, and Does 6-10 breached the foregoing duty by

failing to supervise Defendants Malloy, and Does 1-5 in a reasonable manner.

116.   As a direct and proximate result of the foregoing acts and omissions of Defendants Royal, Stanley, and Does 6-10 as set forth above, Plaintiff has sustained general damages  in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

117.   The foregoing acts and omissions of  Defendants Royal, Stanley, and Does 6-10 were committed with a wanton and callous disregard  that was despicable and done with full knowledge of the physical and mental pain and suffering to Plaintiff. Accordingly, punitive damages should be awarded against Defendants Royal, Stanley, and Does 6-10.

## FOURTEENTH CAUSE OF ACTION

### Defendant Nevada County

### Respondeat Superior Liability Under California Government Code §815.2(a) And/Or 815.6

118.   Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

119.   Defendant Nevada County, which operates the NCSD and is the employer of Defendants Royal, Stanley, Malloy, and Does 1-10, has full authority to train, supervise, and direct the actions of each of these defendants.  Defendants Royal, Stanley, Malloy, and Does 1-10 in their official capacities and in the performance of their duties engaged in the acts and omissions alleged in paragraphs 23-30.

120.   Under California Government Code §815.2(a), Nevada County is liable for any injury that is proximately caused by the act or omission of its personnel within the scope of their duties, including all of the acts and omissions alleged in paragraphs 23-30.

121.   As a direct and proximate result of the wrongful acts and omissions of omissions of Defendants Royal, Stanley, Malloy, and Does 1-10, for which Defendant Nevada County is liable under the doctrine of *respondeat superior* and/or California Government Code §815.6, Plaintiff has sustained general damages  in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary injuries to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the delayed provision of medical care; (e) the cost of emotional, psychological, and

physical therapy; and (f) the loss of future income due to permanent physical disability.

## FIFTEENTH CAUSE OF ACTION

### Defendant CMGC, Tindall, Tirpack, and Does 11-20

### Medical Malpractice

122.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

123.    Defendants CMGC, Tindall, Tirpack, and Does 11-20 were responsible for providing medical care for inmates at the Jail that met professional medical practices and standards.

124.    Defendants CMGC, Tindall, Tirpack, and Does 11-20 failed to comply with professional medical practices and standards in the treatment of Plaintiff's medical condition by, *inter alia*, failing to: (a) diagnose Plaintiff's stroke and other medical conditions; (b) send Plaintiff for emergency care or otherwise provide emergency medical treatment for Plaintiff's stroke and other medical conditions; (c) provide Plaintiff with reasonable medical transport and housing while she was in custody at the Jail.

125.    As a direct and proximate cause of this negligence and failure to meet applicable professional standards of care, Plaintiff suffered general damages in excess of $2,000,000 (as of the time of filing of this complaint), according to proof, including, but not limited to: (a) the serious physical pain and suffering from unnecessary and permanent injury to her body; (b) the severe emotional and mental distress caused by the failure to provide timely medical care, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; (d) compensation for Plaintiff's long-term physical disability that is the result of the injuries to Plaintiff's body from the

delayed provision of medical care; (e) the cost of emotional, psychological, and physical therapy; and (f) the loss of future income due to permanent physical disability.

126.    The foregoing acts and omissions of Defendants CMGC, Tindall, Tirpack, and Does 11-20 were committed with callous and wanton disregard that was despicable and done with full knowledge of the physical and mental pain and suffering to Plaintiff.  As a result, punitive damages should be awarded against Defendants CMGC, Tindall, Tirpack, and Does 11-20.

**PRAYER**

**Wherefore**, Plaintiff prays for judgment against Defendants as follows:

1.      For general, consequential, and special damages in the sum set forth in each count according to proof;

2.      For punitive damages in a sum according to proof in Counts 1-3, 5-10, 13, and 15;

3.      For reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 in Counts 1-7;

4.      For reasonable attorney's fees and costs pursuant to California Civil Code §52.1(i) in Count 11;

5.      For treble damages (3x consequential) pursuant to California Civil Code §52.1(c) and §52(a) in Count 11;

6.      For cost of suit herein incurred for all counts; and

7.      For such other and further relief as the Court deems just and proper.

Dated: June 9, 2019                                  Respectfully,


By: /s/  Patrick H. Dwyer
Patrick H. Dwyer, SBN 137743
P.O. Box 1705; 17318 Piper Lane
Penn Valley, CA  95946
Tel: (530) 432-5407
Fax: (530) 432-9122
pdwyer@pdwyerlaw.com